IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02374-BNB

STEVEN R. WILSON,

     Plaintiff,

v.

DOC EXECUTIVE DIRECTOR ARISTEDE W. ZAVARAS, and
DOC INMATE BANKING/ACCOUNTS,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -2 2010

GREGORY C. LANGHAM
                              CLERK

---

## ORDER OF DISMISSAL

---

     Plaintiff, Steven R. Wilson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Wilson initiated this action by filing *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

     Mr. Wilson has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

     Mr. Wilson is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more

actions or appeals in any federal court that were dismissed as frivolous, malicious, or

for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

Under § 1915(g), the Court may count dismissals entered prior to the enactment of this

statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Wilson's filings liberally because he is a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the

complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Wilson alleges that on April 13, 1999, he was sentenced in El Paso County

District Court Criminal Case No. 97-CR-02521 to thirty-four years in the DOC and that

on June 15, 2001, his sentence was reduced to twenty-six years. He further alleges

that the two mittimuses issued after his sentencing do not reflect the $15,260 in

restitution that El Paso County's records and the DOC maintain he owes. He complains

that since mid-2003 the DOC has withheld twenty percent of all monies deposited in his

inmate trust fund account for restitution payments totaling $4,500.

On the basis of these allegations, Mr. Wilson asserts an equal protection claim

that he was not treated the same as

> other CDOC inmates who have their inmate account
> reduced by 20 percent . . . based upon the fact that their
> mittimus reflects restituion [sic], or they are paying restitution
> based upon previous convictions.

Complaint at 4.

2

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. It is not clear that Mr. Wilson is similarly situated to other DOC inmates who owe restitution and have their inmate trust fund accounts reduced by twenty percent for restitution payments. He does not specifically identify any similarly situated individuals. He fails to assert that the alleged similarly situated inmates were assessed restitution for the same reasons he was in No. 97-CR-02521. Therefore, it is not clear that he has been treated differently than any similarly situated individual. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

Even if Mr. Wilson was treated differently than other similarly situated inmates, the equal protection claim still fails. To prove an equal protection claim, a plaintiff must demonstrate (i) that similarly situated individuals were treated differently; and either (ii) if differential treatment was based on a suspect classification or fundamental right, that it was not supported by a compelling governmental interest or (iii) if the differential treatment was not based on suspect classification or fundamental right, that the treatment was not justified by a rational connection to a legitimate state interest. *See Kleinsmith v. Shurtleff*, 571 F.3d 1033, 1047 (10th Cir. 2009); *see also Freeman v. Watkins*, No. 06-cv-00405-MSK-KMT, 2010 WL 1790427, *9-10 (D. Colo. May 4, 2010) (unpublished).

Because no fundamental right or suspect classification is alleged, Mr. Wilson must demonstrate that any distinction between himself and other similarly situated

3

inmates was not reasonably related to some legitimate penological purpose. *See Penrod*, 94 F.3d at 1406; *see also Templeman*, 16 F.3d at 371. Mr. Wilson cannot state an arguable claim that there are no relevant differences between himself and other inmates that reasonably might account for any different treatment. *See id.* Therefore, the equal protection claim must be dismissed.

Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) as legally frivolous.

DATED at Denver, Colorado, this 1st day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.   10-cv-02374-BNB

Steven R. Wilson
Prisoner No. 100594
Arrowhead Correctional Center
PO Box 300
Cañon City, CO 81215- 0300


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  12/2/10

GREGORY C. LANGHAM, CLERK

By:

Deputy Clerk